# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
SELINA VILLAFRANCA, on behalf *
of N.L.V., a minor,            *
                               *   No. 20-224V
              Petitioner,      *   Special Master Christian J. Moran
                               *
v.                             *
                               *   Filed: November 19, 2020
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *   Dismissal; show cause; equitable
                               *   tolling; discriminatory treatment;
                               *   statute of limitations.
              Respondent.      *
* * * * * * * * * * * * * * * * * * * *
```

<u>Christopher Lee Phillippe</u>, Christopher Lee Phillippe, PC, Brownsville, TX, for petitioner;
<u>Emilie Williams</u>, United States Dep't of Justice, Washington, DC, for respondent.

## <u>UNPUBLISHED DECISION DISMISSING CASE</u>[1]

Ms. Villafranca alleges that her child, N.L.V., received an influenza vaccination on November 16, 2015.  Pet., filed Feb. 27, 2020, ¶ 5.  Ms. Villafranca further alleges that N.L.V. developed shoulder problems within 48 hours of vaccination.  <u>Id.</u> ¶ 14.  Ms. Villafranca claims compensation for N.L.V.'s shoulder injury related to vaccine administration ("SIRVA").  <u>Id.</u> ¶ 12.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  This posting will make the decision available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Villafranca filed the present action beyond the time permitted by the statute of limitations.  Although given an opportunity to explain why her case should continue despite its untimeliness, Ms. Villafranca has not presented any persuasive argument.  Thus, the case is dismissed.

## **Background**

Information relevant to Ms. Pedraza's pending case falls into three categories: (1) the events that happened to her son, (2) the procedural history in the first case, and (3) the procedural history in the pending case.

### Events for N.L.V.

N.L.V. was born on November 12, 2000.  Pet. ¶ 2.  Ms. Villafranca provided primary care records from 2011 and 2012, during which time N.L.V. saw Dr. Roseller Tapangan.  These records appear to reflect routine primary care visits, with one notation in January 2012, indicating "[b]ehavioral problems . . . seeing [a doctor], taking . . . medication for depression and for insomnia."  Exhibit 6 at 4.  In 2012, N.LV. also underwent a psychiatric evaluation at Tropical Texas Behavioral Health, where he was assessed with ADHD, "psychotic disorder," "mood disorder," and "oppositional defiant [disorder]."  Exhibit 5 at 16.

Ms. Villafranca provided primary care records from Dr. Anil K. Batta for 2014-2016.  On January 23, 2015, N.L.V presented to Dr. Batta with "school problems, grades decreasing."  Exhibit 2 at 12.  Dr. Batta noted that N.L.V. was taking medication for ADHD, but had stopped; was seeing a psychologist at the time of this appointment; and complained of inability to focus in school.  Id.  Dr. Batta diagnosed N.L.V. with "ADD [without] hyperactivity" and referred him to a psychiatrist, Kathy Goodwin.  Id. at 14.

N.L.V. received psychiatric treatment from Kathy Goodwin on September 28, 2015; December 29, 2015; and February 29, 2016.  Exhibit 3.  He was prescribed medication for ADHD at these appointments.

N.L.V. received the flu vaccine that allegedly harmed him on November 16, 2015.  The vaccine was administered into his right arm.  Exhibit 2 at 22.

At the next therapy appointment, which was on December 29, 2015, the therapist documented noted failing grades and behavioral issues, keeping N.L.V. on medications to stabilize his moods and help improve his schoolwork.  Exhibit 3 at 3-4.  There is no reference in the therapist's records to shoulder pain or limited range of motion.

N.L.V. saw Dr. Batta three more times after his vaccination.  On November 30, 2015, he presented with a sore throat.  Exhibit 2 at 24.  On April 13, 2016, he presented with vomiting.  Id. at 26.  Finally, in September 2016, N.L.V. visited Dr. Batta for issues relating to a sports injury.  Id. at 28, 30; see also exhibit 4 at 1 (hospital records documenting an emergency room visit on September 9, 2016, due to "open fracture of the nasal bones with facial laceration).  Dr. Batta did not document that N.L.V. had any shoulder problems at these visits.

Ms. Villafranca has not filed any medical records from after 2016.  None of the medical records filed by petitioner document that N.L.V. experienced shoulder pain or problems with range of motion following vaccination.

<u>Procedural History in 17-366V</u>

Ms. Villafranca filed a petition, docketed as 17-366V, on March 20, 2017.  Pursuant to 42 U.S.C. § 300aa–11(b)(1)(A), Ms. Villafranca filed on behalf of N.L.V., her minor child.  Her attorney was Omar Rosales.  Around this time, Mr. Rosales filed petitions for approximately 28 other people.  These cases, including Ms. Villafranca's case, were assigned to Special Master Hastings.

Ms. Villafranca's petition was three pages in length and contained 12 paragraphs.  The petition alleged that the November 16, 2015 flu vaccination caused N.L.V. to suffer "anxiety, difficulty concentrating, and dizziness," which Dr. Mary Elizabeth De Ferreire diagnosed in March 2017.  Pet. ¶¶ 4, 7.  Petitioner did not allege that N.L.V. sustained a shoulder injury.  Although the petition referenced medical records, Ms. Villafranca did not file any exhibits with the petition.  Thus, at this time, Ms. Villafranca had not filed any medical records corroborating her claims.

On March 30, 2017, Special Master Hastings conducted a status conference, which was digitally recorded.[2]  At the onset, Special Master Hastings informed Attorney Rosales that he expected to retire at the end of July.  First Tr. 7; see also First Tr. 57.  Special Master Hastings discussed that for a case in which the petitioner was alleging that a flu vaccine caused a condition not listed on the Vaccine Injury Table, the petitioner would need to get an expert report and Mr. Rosales agreed that he could submit an expert report.  First Tr. 17-22.  In the

---

[2] The Secretary filed the transcript from this status conference as part of the appendix to a motion to dismiss, pages 25-50, in <u>Machuca</u>.  Each page of the appendix reproduces four pages of the miniscript transcript.  For example, transcript pages 5-8 are appendix page 26.  This decision cites to specific pages of the transcript as "First Tr."

absence of an expert report, Special Master Hastings stated that he would be inclined to find that all of Mr. Rosales's cases lacked a reasonable basis.  First Tr. 28.  Attorney Rosales stated that he would find experts to supplement the petitioner's position on causation.  First Tr. 30.  Special Master Hastings again counseled that the petitioners had to have some proof of causation.  First Tr. 44-50.[3]

  The order from this status conference was consistent with the oral statements during the status conference.  The order explained that the cases Attorney Rosales had filed "at first glance, do not include allegations that would be sufficient to establish entitlement to a Program award or even to establish a 'reasonable basis' for the case sufficient to justify an award of attorneys' fees or costs for filing the cases."  Order, issued March 30, 2017.  Accordingly, Special Master Hastings stayed the case for 180 days to allow counsel to investigate the vaccinee's medical history and to determine whether evidence could support an allegation that a vaccine harmed the child.

Special Master Hastings subsequently modified the March 30, 2017 order.  Instead of requiring Attorney Rosales to investigate 28 cases in 180 days, Special Master Hastings directed Attorney Rosales to investigate 8 cases in 60 days.  Ms. Villafranca's case was one of those eight cases that Special Master Hastings directed Attorney Rosales to advance.  Accordingly, Mr. Rosales was directed to determine whether he wanted the case to proceed by June 26, 2017.  In the cases that were proceeding, the petitioner was ordered to file an amended petition and all medical records.  Order, issued April 26, 2017.

For two of eight cases Special Master Hastings had advanced in the April 26, 2017 order, Special Master Hastings conducted another status conference on June 21, 2017.[4]  In those cases, before the status conference, Mr. Rosales amended the petition and included an allegation of SIRVA.[5]  The topics discussed during the status conference implicate and foreshadow some of the issues raised in the current

---

[3] It appears that in all of the 28 cases assigned to Special Master Hastings, the petitions sought compensation for injuries not listed in the Vaccine Table.  Thus, the petitioners would be required to establish causation-in-fact.

[4] The transcript for the June 21, 2017 status conference is cited by transcript page as "Second Tr."

[5] Effective March 21, 2017, the Secretary amended the Vaccine Injury Table to associate SIRVA with vaccines.  82 Fed. Reg. 113201 (Feb. 22, 2017).

case.  Thus, extensive quotations follow.  Special Master Hastings questioned the basis for a SIRVA claim:

> But there was absolutely no evidence in either record that the Petitioner ever suffered from SIRVA.  And SIRVA is a pretty distinctive thing . . .
>
> I find it really highly strange that SIRVA wasn't alleged in the original petition, either one, and then was just alleged in the -- in the amended petition in each of those cases.  And then when I looked at the records, there was just no -- still no -- no record to indicate that they ever had any signs of SIRVA or that any of their other symptoms were ever judged to be vaccine-caused by a physician.

Second Tr. 4.  Special Master Hastings elaborated that SIRVA cases are based upon medical records:

> You [Mr. Rosales] alleged SIRVA but there's no evidence of it. . . . [Shoulder injuries] are really easy to see in the medical records themselves.  The person comes back a day later, two days later, and their shoulder is all swollen up and they can't move it.  That's very – those are almost very clear from the medical records.  That doesn't seem to be the case in either [of the two cases under discussion] unless I missed some medical records.

Second Tr. 12.

     Partially in response, Mr. Rosales commented that Special Master Hastings was not evaluating the cases fairly.  He stated:

> [I]t feels like you're placing my clients, you know, under a different microscope.  And I'm just asking that my clients be treated fairly, judge.  Just because they're poor, just because they're indigent and Hispanic doesn't mean they should be treated differently, Your Honor.

Second Tr. 16.

Special Master Hastings responded, outlining what petitioners need to establish.

> Well, I'm sorry I hurt your feelings, and I can guarantee you that – that there has been no discrimination.  It has nothing to do with them being Hispanic.  There's no – there's no discrimination.  I certainly reject that – that suggestion, too.
>
> But, you're going to have to – you need – you need some proof that a vaccine caused an injury . . . and the injury lasted six months or longer.

Second Tr. 16.  In direct response, Mr. Rosales stated:

> [W]e will get the expert reports for those cases you identified, Your Honor, and I've assembled all the medical records, so it paints a much better picture.  We'll review those things, Your Honor, absolutely.

Second Tr. 16.

Special Master Hastings accepted Mr. Rosales's effort to review the cases. Special Master Hastings stated:

> So I encourage you to take – to take a look at your 28 cases and – and punt on the ones that don't have – that you can't find any real connection.  And if there's any that you can find a real connection, then concentrate on litigating those.

Second Tr. 18.

Within a week of the June 21, 2017 status conference, Mr. Rosales filed a status report in Ms. Villafranca's case, announcing her intention to file medical records, to amend the petition to allege SIRVA, and possibly to obtain an expert. Given Ms. Villafranca's later argument regarding equitable tolling, her representations regarding an expert are important to document.  She stated:  "After further review, if the Court determines that an Expert report is necessary to substantiate and augment the claim, Petitioner's counsel will hire an expert and provide the Court with the expert's opinion within 30 days of the Court's order." Pet'r's Status Rep., filed June 26, 2017, ¶ 5.

Special Master Hastings found that the June 26, 2017 status report, which announced an *intention* to file documents, did not comply with the April 26, 2017 order, which required the *filing* of documents. However, Special Master Hastings allowed petitioner until July 10, 2017, to file the required documents.

On July 10, 2017, Ms. Villafranca filed a set of medical records (exhibits 2-6). CM/ECF 11. On that same day, Ms. Villafranca filed an amended petition. The amended petition, which is not a model of clarity, recognized that N.L.V. had shown symptoms of ADHD before the November 16, 2015 vaccination. Am. Pet. ¶ 5. It states N.L.V. "developed SIRVA" and, due to the vaccination and SIRVA, N.Q. "experienced sharp stabbing pain, tingling, difficulty sleeping on the affected side, and discomfort." Id. ¶¶ 6-7. In addition to alleging SIRVA, the amended petition maintained that N.L.V. "was diagnosed with increased aggression on 12/29/2015, shortly after the immunization." Id. ¶ 9 (citing exhibit 3 at 3). The petition further alleged that this increased aggression "culminated in a fight during a football game where claimant's nose was broken on 9/9/2016." Id. ¶ 10 (citing exhibit 2 at 28).

Special Master Hastings directed Ms. Villafranca to obtain a report from a reputable and qualified medical doctor opining that N.L.V. "suffered a *specific* vaccine-caused injury, and *explaining such opinion in detail.*" Order, issued July 11, 2017. This order set the deadline as August 11, 2017. The order continued that if counsel did not file such an expert report, "***the case will be dismissed for failure to prove a vaccine-caused injury.***" Id.

The recounting of the procedural history of case 17-366V must pause. Information from the pending case (docket 20-224V) shows that Ms. Villafranca obtained a report from Mark Levin, a doctor board-certified in internal medicine and oncology. Dr. Levin's report is dated July 17, 2017.

Without filing Dr. Levin's report in case 17-366V, Attorney Rosales submitted a one-sentence document on August 14, 2017. This document states, "Petitioner files this notice of voluntary dismissal in accordance with Rule 21(a)(1)(A)."[6] Pet'r's Notice.

In accord with this notice, on August 14, 2017, Special Master Hastings issued an order concluding proceedings in case number 17-366V. In accordance

---

[6] For Voluntary Dismissals, Vaccine Rule 21(a)(1) provides: "Petitioner may dismiss the petition without order of the special master of the court by filing:
    (A) a notice of dismissal at any time before service of respondent's report."

with Rule 21(a)(1)(A), Special Master Hastings directed the Clerk not to enter
Judgment.  Ms. Villafranca did not seek attorneys' fees or costs.  Although not
noted in the docket, Special Master Hastings retired from the Office of Special
Masters in September 2017.

Procedural History in 20-224V

Represented by Attorney Christopher Phillippe, Ms. Villafranca filed the
pending case on February 27, 2020.  With her petition, Ms. Villafranca filed 8
exhibits.  Exhibits 2-6 appear identical to exhibits 2-6 filed in the previous case.
Exhibit 1 is Ms. Villafranca's affidavit, signed February 3, 2017.  Exhibit 7 is the
July 17, 2017 report from Dr. Levin.  Exhibit 8 is Dr. Levin's CV.

The February 27, 2020 petition begins with a recitation of events in N.L.V.'s
life and the recitation in paragraphs 1-15 is similar to (but not identical to) the
recitation of events in the July 10, 2017 amended petition from the previous case.
The February 27, 2020 petition then adds a request for equitable tolling on the
basis that Special Master Hastings had previously required an expert report for a
SIRVA claim.  See Pet. ¶¶ 18-20.

The undersigned discussed how to resolve the equitable tolling issue in a
status conference held on March 3, 2020.  The undersigned stayed proceedings in
this case to allow the parties to make arguments in a similar case, Machuca v.
Sec'y of Health & Human Servs., No. 20-18V.  Order, issued March 3, 2020.

After the parties submitted arguments, the undersigned dismissed Machuca
in a decision, issued July 17, 2020.  Machuca v. Sec'y of Health & Human Servs.,
No. 20-18V, 2020 WL 4670877 (Fed. Cl. Spec. Mstr. July 17, 2020).  The critical
issue in Machuca was whether the petitioner could take advantage of the doctrine
of equitable tolling to proceed on an action that the statute of limitations would
otherwise bar.  The undersigned rejected the petitioner's reliance on equitable
tolling because she failed to establish diligence nor extraordinary circumstances.
Petitioner could not establish diligence because she possessed Dr. Levin's report
for months before she filed it.  Petitioner could not establish extraordinary
circumstances for multiple reasons including (1) the requirement to file an expert
report was not burdensome because petitioner had a report from Dr. Levin, (2)
given the factual circumstances, an expert report was statutorily required, (3)
petitioner's attorney took no steps to oppose Special Master Hastings's order for
petitioner to file an expert report, and (4) petitioner did not present any basis for
concluding that Special Master Hastings discriminated against her on the basis of

8

her national origin. Ms. Machuca, whom Attorney Rosales represented, did not file a motion for review.

In the present case, the undersigned issued an order for Ms. Villafranca to show cause as to why her case should not be dismissed after <u>Machuca</u>. Ms. Villafranca filed a response to the order to show cause on August 24, 2020.

## Analysis

Here, Ms. Villafranca's response to the order to show cause does not assert any argument regarding the statute of limitations or equitable tolling. Instead, Ms. Villafranca presents a procedural argument, maintaining that the Secretary should first file a motion to dismiss and/or a report pursuant to Vaccine Rule 4. Ms. Villafranca adds that a requirement that she respond to an order to show cause reflects discriminatory treatment of her based upon her national origin.

Ms. Villafranca's arguments are unpersuasive for several reasons. Ms. Villafranca has cited no authority that suggests that enforcement of statutes of limitations can amount to unconstitutional discrimination. Further, she does not argue that she was not aware of the basis for potential dismissal through her attorney's participation in <u>Machuca</u>. Ms. Villafranca also did not present any individualized argument based upon the evidence of her case that would distinguish her case from <u>Machuca</u>.

## Conclusion

Ms. Villafranca filed the petition outside of the time permitted by the statute of limitations. She also has not shown that equitable tolling is appropriate based upon the evidence. The Clerk's Office is instructed to issue judgment in accord with this decision unless a timely motion for review is filed.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master